**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CRIMINAL NO. 992-322(ADC) |
| | * | |
| VICTOR LOPEZ HERNANDEZ, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * *

## <u>SENTENCING MEMORANDUM</u>

Now comes Victor Lopez Hernandez, through undersigned counsel, and respectfully presents the following sentencing memorandum in accordance to the ruling of the Court of Appeal for the First Circuit and this Court's own ruling.

**BACKGROUND:**

On December 11, 1997, defendant was arrested with two other individuals by the PRPD. On November 3, 1999, defendant was arrested while in state jail for a federal indictment issued on October 16, 1999. The offense conduct for which he was arrested in the federal indictment was the same conduct for which he was arrested by the PRPD on December 11, 1997.

Defendant was indicted on October 14, 1999 (D.E. #1). He plead guilty on August 29, 2000, before Honorable Judge Juan Perez Gimenez, as to counts 1 and 5 (D. E. #66). On February 16, 2001, defendant was sentenced as to the two counts above. The Judgement was for 108 month to be served concurrently with each other and consecutive to any other sentence presently being served (D. E. #81). Defendant filed a timely notice of appeal on February 22, 2001 (D. E. # 82).

Briefs were filed on appeal and the Court of Appeal for the First Circuit ruled on September 10, 2003, that the case would be remanded to determine the issue of concurrency versus consecutiveness between the federal and state terms of imprisonment. See Case Summary of CA01 #01-1435 attached.

On April 25, 2005, Honorable Judge Perez Gimenez issued and amended judgment as to defendant, sentencing defendant to 108 month as to each count, concurrent with each other and consecutive to the sentence imposed by the state government (D.E. # 132)

On May 3, 2005 a timely notice of appeal was filed by defendant (D. E. # 131). Briefs were filed and on April 3, 2006, under CA01 #05-1850, the Court of Appeals for the First Circuit vacated the judgment of April 25, 2005 and remanded for resentencing "in conformity with our September 10, 2003 judgment."[1]

**PLEA AGREEMENT:**

Paragraph 14 , at page 7 of the Plea Agreement intends to give credit to the defendant for time served while in official detention. It does not. It simply re-states the law (18 U.S.C. §3585(b)). It does not provide the defendant with any benefit. Yet the defendant is under the impression that such paragraph recommends concurrency.

---

[1] In its pertinent part the same reads: "Therefore, the case is remanded for resentencing on or after November 1, so that the district court may exercise its discretion in imposing the term of imprisonment resulting from the instant offense either concurrent with or consecutive to the Commonwealth sentence of imprisonment that appellant is currently serving. It is so ordered."

At the two sentencing hearings defendant has had, it has been clear that the defendant is seeking a recommendation. He was asked directly by Judge Perez Gimenez if he understood that it was BOP whom decides which credits apply to him, not the Judge. Mr. Lopez stated he understood so.

One issue that was not addressed during sentencing, but raised at the change of plea hearing of February 2000 (page 18-19 of transcript) is that the state case for which he was revoked was dismissed after a motion to suppress. Yet defendant was revoked without a hearing. There is an issue as to the denial of due process in the state proceedings permit the federal court to accept the sentence imposed by the Commonwealth. This is akin to a collateral attack on a removal proceeding in an illegal re-entry case. In those type of cases, if the defendant's rights are adversely affected and he can show prejudice and exhaustion of administrative proceedings, the district court cannot consider the removal. Here, there was a proffer by defendant's counsel that defendant was revoked without a hearing. If the Court considers this approach, the Court can impose the present sentence of 108 month from the date of arrest, December 11, 1997. If the Court would agree with this approach, defendant would have served his federal sentence by now.

**CONCURRENT VERSUS CONSECUTIVE:**

Under the September 10, 2003 ruling by the Court of Appeal, the district court, after November 1, 2003, may exercise its discretion in imposing a term of imprisonment either concurrent or consecutive with the state term currently being served. The Court of Appeal arrives at this ruling based on the applicability of U.S.S.G. §5G1.3. At the moment the Court of Appeal applies its

reasoning under the guidelines, these are mandatory. Now they are advisory. Under 18 USC §3584, the sentencing court has discretion to impose either type of sentence, upon consideration of the factors set forth in section 3553(a).

Addressing the guidelines first, §5G1.3(c) applies to the present case. Defendant was not serving a term of imprisonment at the time the present offense was committed, and the prior offense was not relevant conduct in the present offense. This policy statement basically recommends that a "reasonable punishment" for the instant offense be arrived at using concurrency, consecutiveness or partial concurrency. This policy statement follows the rationale of §3553(a).

Section 3553(a) starts of with the "parsimony clause" - "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) ..." This indicates that sentences should be as restricted or limited as possible to achieve a certain result based on the factors of paragraph 2 of the section. These factors are: (1) seriousness of the offense, promote respect for the law and provide just punishment; (2) deterrence; (3) protect public from future crimes by defendant; (4) provide defendant with educational , medical or other correctional treatment. Other factors to be considered under §3553 are the nature and circumstances of the offense and the history and characteristics of the offender; kinds of sentences available, restitution and avoidance of sentence disparities.

Addressing the §3553 factors, there was a sentencing memorandum filed by Atty. Guillermo Macari on behalf of defendant on April 18, 2005 (D.E. # 126). In the same it notes that defendant finished serving his state sentence and started his federal sentence, and that while serving them he

has shown excellent behavior. This was also noted by Atty. Ramos-Graterol at the original sentencing hearing of 2001, where she proffered the state penitentiary records. Mrs. Ramos Graterol also explains at the sentencing hearing of 2001 that defendant is taking advantage of the rehabilitation services provided to him during his prison time to better himself. On Page 6 of the Sentencing Hearing Transcript of February 16, 2001, Mrs. Ramos-Graterol addresses the court regarding certain §3553 factors, including Mr. Lopez Hernandez's desire to be a good role model for his children so that they do not have to go through what he now has gone through himself. In addition by what appears on the record, the following should be noted about the defendant: He is the father of five children from a consensual relationship which ended due to his offense. He had a good job prior to being arrested, and properly provided for his family. Defendant did have a drug problem upon his arrest, but is now in control and completed a drug program while incarcerated.

As to the seriousness of the offense, the defendant himself admits its seriousness. He plead guilty to a drug offense and a weapons offense.[2] He also admits that he has paid an unexpectedly heavy price: not only his liberty, but his family was lost. He hopes he can regain both now. He believes the combined punishment has been sufficient for him to realize that further criminal activity only means hard times ahead. He does not want to spend the rest of his life in jail. He wants to spend it with his family, in whatever capacity they accept him. Time in jail has served him well to deter any thoughts of further criminal activity. Defendant smiles ironically when he talks about how hindsight is the most cruel insight given to man. It shows him the life he could have had, while paying for the life he chose to have. His realization of what little he had to do to keep his good life, and so much

---

[2] Please note that the weapons offense was not "during and in relation to any crime of violence or drug trafficking crime", nor in furtherance of a crime of violence or drug trafficking crime.

he will have to do to regain it.

Defendant has benefitted greatly from the educational benefits available in prison, as well as rehabilitative programs. His addiction is under control. His thoughts are clear. He wants to rejoin society.

**CONCLUSION:**

For re-sentencing purposes, the Court has discretion under the advisory guidelines (§5G1.3(c)) and the law (§3584) to impose a concurrent, partially concurrent or consecutive sentence upon defendant. The Court must consider the factors referenced in §3584, which are the sentencing factors of §3553. Ultimately, the law and the guidelines seek the same thing, that the sentence imposed be reasonable for the particular defendant. Based on the factors explained above, and defendant's continued good conduct, it would seem that a sentence not greater than necessary would require a concurrent sentence.

Another approach is that the federal court not recognize the state sentence if the same was imposed in violation to defendant's due process rights, akin to a collateral attack. Under this approach, the court can order that the federal sentence be counted from the date of defendant's arrest, December 11, 1997.

"Just punishment" is as dependent on the defendant as it is on the crime. What is just punishment for one person might not be for another, even if it is the same offense or the same

conduct. A concurrent sentence will provide such just punishment for Victor Lopez Hernandez.

THEREFORE, defendant, through undersigned counsel, hereby request that this Honorable

Court take notice of the above information in imposing upon defendant a sentence of imprisonment.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 31, 2006, I filed the foregoing with the Clerk of the

Court with a copy hand delivered to: Assistant U.S. Attorney Scott Anderson

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 31st day of July, 2006

**JOSEPH C. LAWS, JR**
**Federal Public Defender**
**District of Puerto Rico**


**VÍCTOR GONZÁLEZ-BOTHWELL**
Assistant Federal Public Defender
USDC-PR 219707
241 Franklin D. Roosevelt Avenue
Hato Rey, PR  00918-2441
Tel. (787) 281-4922
Fax (787) 281-4899